IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN JAMES MANNING,** | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:24-cv-2668-L-BW** |
| **ELLIS COUNTY JAIL STAFF,** | § § § | |
| Defendant. | § § | |

# ORDER

On November 7, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered, recommending that the court, pursuant to the "three-strikes" rule of 28 U.S.C. § 1915(g), summarily **dismiss** this action by *pro se* Plaintiff Kevin Manning ("Plaintiff" or "Mr. Manning") unless he timely pays the full filing fee for this case. No objections have been filed, and the 14-day period to object after service of the Reports has passed. *See* Fed. R. Civ. P. 72(b)(1)(2); 28 U.S.C. § 636(b)(1)(C). For the reasons stated herein, the court **accepts** the Report.

On October 22, 2024, Mr. Manning filed a handwritten correspondence, which the court construes as a civil complaint ("Complaint") (Doc. 3), which raises claims pursuant to 42 U.S.C. § 1983 (Doc. 3). In his Complaint, he contends that unnamed employees of the Wayne McCollum Detention Center "are threatening to kill the kitchen workers." *Id.* Mr. Manning "seeks to open a class action, to investigate, and to have the Secret Service report on the jail captain 'raping women living inside Manning.'" Report 1-2 (citing Doc. 1 at 1).

Because this action was filed without the filing fee, it is subject to review under the Prison Litigation Reform Act ("PLRA"). *Id.* at 2. The Report further determined that Mr.

Manning has filed at least three prisoner civil actions that have been dismissed as frivolous, malicious, or for failure to state a claim. *Id*. Moreover, Mr. Manning does not show that he was in "imminent danger of serious physical injury" at the time he filed this suit as required by the Fifth Circuit; thus, he is barred from proceeding with this action. *Id.*; *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Further, the magistrate judge determined that Mr. Manning had been issued a sanction warning previously, in which the court warned him that he could be barred from bringing future lawsuits without obtaining leave and that monetary sanctions could be imposed. *Id.* at 3 (citing *Manning v. Kaufman Constables Office*, No. 3:23-CV-2064-G-BK (N.D. Tex. Nov. 30, 2023)). Since this warning, he has filed eight civil actions in this court, all of which are "either incoherent or raise fantastic and delusional allegations." *Id.* (citations omitted). As a result, the magistrate judge recommended that Mr. Manning should be barred from filing future actions in this or any federal court without first obtaining leave of court.

Having considered Plaintiff's pleadings, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. As Plaintiff has not paid the filing fee as of today's date as recommended by the magistrate judge, the court **dismisses with prejudice** this action. **Further, the court directs the clerk of the court not to accept any future actions from this Plaintiff unless he first obtains leave from a district or magistrate judge.**

The court also prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v.*

*King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 16th day of December, 2024.

Sam A. Lindsay
United States District Judge